Order vacating portions of an arbitration award modified on the law, and as so modified affirmed, with costs to appellant. Special Term was in error in disturbing that portion of the award which found petitioner-appellant was entitled to $18,425 on its claims. The arbitrators did not exceed their powers in awarding damages to appellant since its claims were not restricted to a demand for damages for delay. Since the award to appellant could have included these other items of damage, there was no legal basis for vacating it because of the provision of the contract regarding $25 a day as liquidated damages for delay. (Matter of Deering Milliken [Boepple Mills], 4 A D 2d 652.) On the other hand, Special Term properly found that the arbitrators had exceeded their powers in allocating administration expenses of the arbitration. In view of the contractual provision that “ each of the parties shall pay one-half of the expenses of arbitration”, the arbitrators had no power to apportion the expenses in any other manner. However, since the quantum of the expenses is fixed and undisputed, the court can correct the award to conform to the agreement in that regard without the necessity for remitting the matter to the arbitrators for that purpose. The order is therefore modified to the extent of confirming the award of the arbitrators except insofar as the award provides for an unequal division of fees and the administrative expenses. The award in the latter respect is corrected so as to direct the sharing of the administrative expenses equally between the parties; and as so modified the order is affirmed. Settle order. Appeal from the order denying a rehearing is dismissed, without costs, as academic. Settle order.
Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.